# Wheeling.

## HANDLEY & CAREY *vs.* LUDINGTON AND McCLINTIC.

### January Term, 1870.

It is no cause for demurrer, in an action of debt on a negotiable note, that a party defendant is described in the declaration as "H. D. McClintic." If there be any misnomer it should be pleaded in abatement, or the defendant on his own motion and affidavit should have the declaration amended by inserting the proper name.

The declaration in this case was filed at the March rules, 1867, in the clerk's office of the circuit court of Greenbrier county. Handley & Carey were the plaintiffs, and Samuel C. Ludington and H. D. McClintic defendants. The action was debt on a protested negotiable note. At the January Term, 1869, the defendants withdrew their plea of payment previously filed, and demurred generally to the declaration, which the court sustained, and rendered judgment for the defendants.

The ground of demurrer appears from the record to be that McClintic is called in the declaration "H. D. McClintic," without averring his proper christened name.

The plaintiffs obtained a supersedeas to this court.

Hon. N. Harrison, judge of Greenbrier circuit court, presided on the trial of the case.

*Dennis* for the plaintiffs in error.
*Snyder* and *Newlin* for defendants in error.

BROWN, President.

This is an action of debt on a protested note. There was a general demurrer to the declaration, which was sustained, and judgment for the defendants.

The only objection stated to the declaration is the fact that the defendant McClintic is called H. D. McClintic.— There is nothing in the record to show that that is not his true name; and I conceive, with Lord Campbell in *Regina* vs. *Dale*, 5 Eng. Law and Equity Rep., 360, that there is no reasonable distinction between a consonant and a vowel for a christened name; nor is it at all impossible or unreasonable that a person should have been baptised by the name of any letter in the alphabet. But if the name designated, were not the true name, the misnomer should have been pleaded in abatement, or the defendant, on his motion and affidavit of the right name, should have had the declaration amended by inserting the right name. Code 1860, 648, sec. 17; 3 Rob. Pr., 519. But no such plea was offered, nor such motion made, and there was, therefore, no ground for the demurrer, and it should have been overruled.

I think the judgment, therefore, should be reversed, and judgment entered for the plaintiffs for the debt in the declaration mentioned, and costs of protest, also for costs of suit in both courts.

MAXWELL, J. The plaintiffs here, who were the plaintiffs below, brought an action of debt against the defendants, in the circuit court of Greenbrier county. There was a demurrer to the declaration, and a judgment on said demurrer in favor of the defendants. The plaintiffs here insist that the declaration is good on its face, and that the demurrer was therefore improperly held well taken, and judgment rendered for the defendants. It is admitted here in argument by the counsel for the defendants, that the declaration is good in all respects in form and substance, except that the defendant McClintic, is declared against as H. D. McClintic without giving his christened name in full. It is

not necessary now to inquire whether this supposed defect is such that it might have been reached by special demurrer, but it is certain that it never could have been reached by general demurrer. The 31st section of chapter 171, Code, p. 712, in force when this case was tried, abolishes special demurrers altogether, and the demurrer was in fact a general demurrer.

It is not claimed that there is any other defect in the declaration, and none is apparent. The judgment complained of will have to be reversed, the demurrer overruled, and judgment entered here for the plaintiff such as ought to have been rendered in the court below.

Berkshire, J., concurred in the judgment.

JUDGMENT REVERSED.